UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS NURSES
ASSOCIATION,

      Plaintiff

v.

NORTH ADAMS REGIONAL
HOSPITAL,

      Defendant

Civil No. 05-30145-MAP

### PLAINTIFF MASSACHUSETTS NURSES ASSOCIATION'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff Massachusetts Nurses Association ("Association") hereby submits this Opposition to the Motion for Judgment on the Pleadings, or, in the Alternative, for Summary Judgment, submitted by the Defendant North Adams Hospital ("Hospital"). As the Association has articulated a justiciable dispute between the parties, dismissal for the Hospital is not appropriate. As the Hospital's alternative request for summary judgment is premature, it too should be denied.

### Introduction

This action was brought by the Association to enforce an arbitration award issued by Arbitrator Michael Stutz ("Stutz award")[1] finding the Hospital had violated the collective bargaining agreement ("Agreement")[2] on numerous

---

[1]    The Stutz Award is appended to the Association's Complaint.

[2]    The Agreement, and its successor, are appended to the Hospital's Answer.

occasions.  In particular, Arbitrator Stutz sustained nine separate grievances alleging violations of Article 18.07(D) of the Agreement, which provides

> The hospital will only keep and admit the number of patients that registered nurses can safely care for. The hospital will take measures such as adding nurses, stopping admissions or other measures to ensure that this occurs.

Arbitrator Stutz also cited in his opinion Article 18.07(A), which provides that

> NARH [the Hospital] shall promulgate and enforce policies, rules, and regulations to ensure that applicable professional standards of nursing practice (e.g., E.N.A. Critical Care) are established and carried out so that safe and effective nursing care is provided to patients.

Stutz found that the Hospital had failed to live up to these parts of its bargain with the Association:

> The Hospital breached the Contract by failing to either cap admissions, transfer patients to another facility or bring in more nursing staff.

Stutz Award at 29.  As a remedy, Arbitrator Stutz ordered certain payments made to affected nurses (which had been made at the time the Association filed the Complaint) and to the Association (which had not been made at the time the Association filed the Complaint, but was made thereafter), as well as, crucially, an order that the Hospital cease and desist from further like violations:

> Finally, **the most important goal of remedy** in this case is to assure that there is no repetition of the circumstances that prevailed on at least nine occasions in May and June 2002 on Three North. Therefore, I will issue a cease and desist order.

2

Stutz Award at 29-30 (emphasis added). The Hospital did not seek to have the award vacated.

## Violations of the Cease and Desist Order

Since Arbitrator Stutz issued the cease and desist order, the "most important goal of remedy" has not been achieved, because the Hospital has repeatedly and consciously violated the cease and desist order by permitting "repetition of the circumstances" underlying the grievances Stutz heard. Over ten unsafe staffing reports and/or grievances relating to unsafe staffing have been filed since the issuance of the Stutz award. Some or all of these instances of unsafe staffing share substantial material factual identity with the instances reviewed by Stutz – i.e., they involve failures of the Hospital to "either cap admissions, transfer patients to another facility or bring in more nursing staff" (Stutz Award at 29), thereby causing or continuing unsafe staffing situations.

## Legal Standard for Judgment on the Pleadings

A party seeking judgment under Rule 12(c) has a heavy burden: "[t]he standard for evaluating a motion for judgment on the pleadings is 'essentially the same as the standard for evaluating a Rule 12(b)(6) motion.'" Petricca v. City of Gardner, 194 F. Supp. 2d 1, 4 (D. Mass. 2002) (quoting Furtick v. Medford Housing Authority, 963 F. Supp. 64, 67 (D.Mass. 1997)). "The trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (citations omitted). A Rule 12(c) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which [sic] would entitle him to

relief." Id. (citations omitted). As set forth below, the Hospital has failed to carry this burden.

### The Complaint Alleges A Justiciable Dispute Between The Parties.

The Hospital's first argument in support of dismissal is that the Complaint "fails to allege a concrete, justiciable dispute between the parties." Hospital's Memorandum at 6. This is essentially an assertion that there is no set of facts provable by the Association that would support its claim. However, accepting all well-pleaded factual assertions as true, and drawing all reasonable inferences from those assertion's in the union's favor, the Complaint indeed alleges a concrete dispute. In particular, the Complaint alleges a violation of the prospective relief ordered pursuant to an arbitration award between the parties.

There is no question that there exists a strong policy, observed and enforced by the federal courts, in favor of the arbitration of labor disputes. See, e.g., Derwin v. Gen. Dynamics Corp., 719 F.2d, 484, 491 (1st Cir. 1983) (hereinafter, "Derwin") and cases cited. "The courts, moreover, have carefully scrutinized suits to 'enforce' past awards where the facts suggest that the nominal enforcement proceeding is, in truth, an attempt to extend the award to a new, previously unresolved dispute." Id.

However, the First Circuit has recognized that, under certain circumstances, courts should apply a prior award to a new grievance without requiring that the grievance be submitted to an arbitrator. In Boston Shipping Assoc., Inc. v. Int'l Longshoremen's Assoc., 659 F.2d 1 (1st Cir. 1981) (hereinafter, "Boston Shipping"), and subsequently in Derwin, the Court established the following rule:

4

> [W]here an arbitral award is both clearly intended to
> have a prospective effect and there is no colorable
> basis for denying the applicability of the existing award
> to a dispute at hand... a court [will] order compliance
> with the award rather than require the parties to
> proceed anew through the contract grievance
> procedure.

Derwin at 491 (citing Boston Shipping at 4).

A justiciable controversy, the Supreme Court has noted, is one which is not merely hypothetical, but rather is "definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-241 (1937). In the present context, an action for enforcement of a labor arbitration award is generally said to be nonjusticiable where no controversy regarding the application of the arbitration award exists. See, e.g., IBFO, Lo. 330 v. Georgia-Pacific Corp., 132 L.R.R.M. 2345 (D. Me. 1989) (court declined to confirm an arbitration award because the employer had "complied with the unambiguous terms" of the award) (citing Derwin). Here, there is a concrete dispute between the parties with regard to the continued failure of the Hospital to take the measures necessary to maintain safe staffing levels. The Association does not seek, as the Hospital alleges, mere "ministerial" confirmation of the Stutz award.

The Association's allegations fall squarely within the unusual circumstances in which confirmation of an arbitration award is appropriate, and are thus sufficient to withstand a motion to dismiss. First, the Stutz award is "clearly intended to have a prospective effect." See Puerto Rico Maritime Shipping Auth. v. Federal Maritime Comm'n, 75 F.3d 63, 65 (1st Cir. 1997) (characterizing cease and desist orders as "prospective relief"); see also

Black's Law Dictionary (6th ed.) at 223 (defining cease and desist order as "an order ... prohibiting a person or business firm from continuing a particular course of conduct..."). Indeed, Arbitrator Stutz describes his cease and desist order as the "most important" part of the remedy he ordered.

Second, the Association has alleged that some or all of the new instances of unsafe staffing are sufficiently similar to the instances cited in the Stutz Award to qualify for confirmation. (The Court may reasonably infer this from the allegations in paragraphs 13-18 of the Complaint[3]; certainly, there is no misunderstanding among the parties that t he Association seeks confirmation of an arbitration award under Derwin.) These allegations assure the Court that confirmation will not be an empty exercise; a concrete dispute between the parties has been alleged.

### The Complaint Does Not Seek To Bypass The Grievance Procedure; Rather, It Seeks Enforcement Of An Arbitration Award Under the Standard Articulated By The First Circuit.

The Hospital argues further that the Association's Complaint is an effort to evade the grievance and arbitration process contained in the parties' collective bargaining agreement. The reverse is true – the Hospital seeks to evade the Stutz Award, a result of that process, and to render the "most important remedy" of a cease and desist order meaningless, by ignoring the application of that order to the recent instances of unsafe staffing at its facility.

---

[3]     If the Court declines to make this inference, the Association hereby requests leave to amend its complaint, which under such circumstances is to be granted freely. See, e.g., DiPerri v. FAA, 671 F.2d 54, 59 n.4 (1st Cir. 1982) ("Where a plaintiff fails to initially articulate his claim with specificity, of course, district courts should be liberal in granting leave to amend so that he may reformulate his claim accordingly.").

The Hospital argues that these recent instances of unsafe staffing do not fall within the ambit of the Stutz Award because "most, if not all, of these recent reports concern the level of staffing in areas of the Hospital other than the Medical Surgical unit, the area at issue in the Arbitrator's Award." Hospital's Memorandum at 15. This argument relies upon an unreasonable reading of the cease and desist order, namely that it applies only to the Medical Surgical unit (known as "Three North").

Arbitrator Stutz, after finding that the "Hospital breached the Contract by failing to either cap admissions, transfer patients to another facility or bring in more nursing staff," ordered the prospective remedy reprinted above. See Stutz Award at 29-30. The cease and desist order is intended to "assure that there is no repetition of the circumstances that prevailed on at least nine occasions in May and June 2002 on Three North." Id. The reference to Three North is descriptive of the grievances just decided, not a limitation on the cease and desist order. Notably, Stutz did not write, "I will order a cease and desist order *on Three North.*" Nor did he write that his order is intended to "assure that there is no repetition *on Three North* of the circumstances that prevailed on at least nine occasions in May and June 2002." The order applies to the Hospital's behavior throughout the facility; it is untenable, though creative, to suggest otherwise.[4]

The Hospital will, no doubt, continue to maintain that some or all of the recent instances of unsafe staffing do not share the degree of factual similarity required by Derwin to support confirmation of the arbitrator's award. This,

---

[4]       Such an order might well lead to the Hospital stripping other areas of the Hospital of staff in favor of Three North. It would also be inconsistent with Article 18.07 of the collective bargaining agreement, which by its terms is not limited to any particular area of the Hospital.

however, is a matter for summary judgment; as set forth below, the Hospital has not alleged sufficient facts to convert its Motion into one for summary judgment, much less to entitle it to summary judgment.

### The Employer's Motion For Summary Judgment Is Premature

Where, as here, the <u>Derwin</u> exception has been sufficiently alleged, the Court will eventually review the facts to make a determination whether it actually applies. The Employer has requested, as relief alternative to dismissal, an order entering summary judgment in its favor. This is premature. In particular, the Employer has not complied with Local Rule 56.1 governing summary judgment. The Court should decline to entertain the Hospital alternate request for summary judgment at this time. The first inquiry for a Court faced with a motion for summary judgment is whether material facts are in dispute, and the Hospital has not provided any list of undisputed material facts to which the Association can respond. If material facts are in dispute, the Court may find it necessary to order a hearing for factual findings. In either case, summary judgment is premature, for the Court has insufficient information about the recent instances of unsafe staffing to determine whether the <u>Derwin</u> exception, as alleged, applies in this case.

If, despite the Hospital's noncompliance with Local Rule 56.1, the Court chooses to treat the Hospital's request for summary judgment as properly before it, the Association requests an opportunity to submit a brief and statement of material facts in dispute. The Association further notes that the "Verified" Answer submitted by the Hospital is signed by the Hospital's Vice President of Human Resources, who was able only to state that the information contained in the Answer is "true to the best of his present knowledge and

belief." He neither claims first-hand knowledge of any of the matters asserted in the Answer, nor any basis for such knowledge.[5] Therefore, the Hospital has not submitted sufficient sworn evidence to convert its Motion to one for summary judgment, or to entitle it to summary judgment following such conversion.

## Conclusion

The Association has stated a claim for enforcement of an arbitration award that fits comfortably within the guidelines established in Derwin. Summary judgment is at this point premature. Accordingly, the Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment should be denied.

In the alternative, if the court is inclined to grant the motion to dismiss, the Association requests leave to amend its complaint under Fed. R. Civ. P. 15,

---

[5]    The Association acknowledges that the Vice President for Human Resources likely has knowledge of such matters as the existence of the collective bargaining agreements between the parties.

or that the matter be remanded to Arbitrator Stutz for further proceedings, as appropriate.

Respectfully submitted

On behalf of the Plaintiff,
Massachusetts Nurses Association

By its attorneys

Alan J. McDonald, BBO #330960
Mark A. Hickernell, BBO #638005
McDonald & Associates
Cordaville Office Center
153 Cordaville Road, Suite 210
Southborough, MA 01772
(508) 485-6600

Date:  August 5, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2005, a true and accurate copy of the foregoing document was served upon counsel for the Defendant, Robert B. Gordon, Esq. and David C. Potter, Esq., Ropes & Gray LLP, One International Place, Boston MA 02110-2624 by first-class mail, postage prepaid.

Date:  August 5, 2005                    Mark A. Hickernell