UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS NURSES
ASSOCIATION,

    Plaintiff

v.

NORTH ADAMS REGIONAL
HOSPITAL,

    Defendant

Civil Action No. 05-30145-MAP

**PLAINTIFF MASSACHUSETTS NURSES ASSOCIATION'S
LIMITED OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO AMEND ANSWER**

The Plaintiff, Massachusetts Nurses Association ("Association"), opposes the Motion for Leave to Amend filed by the Defendant North Adams Regional Hospital ("Hospital") to the extent that amending the Hospital's Answer during the pendency of the Hospital's Motion for Judgment on the Pleadings is prejudicial to the Association.

### Relevant Standards

The standard under F.R.Civ.P. Rule 15(a) is that leave to amend a complaint "shall be freely given when justice so requires." This is because of the broad policy underlying the Federal Rules of Civil Procedure that disputes be resolved on their merits, and not on the technicalities of pleadings. "If the

underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (reversing 292 F.2d 85). An important factor in evaluating motions under Rule 15(a) is whether the opposing party will be prejudiced by the requested alteration in the pleadings. See 6 Wright & Miller, Federal Practice and Procedure § 1487 at page 613 (2005). A court will not require a party to amend its pleading under Rule 15(a) for the sole purpose of obtaining evidence available through the discovery process. See id. at § 1473, p. 522.

## Procedural Posture

The Association filed a complaint for confirmation and enforcement of an arbitration award under 29 U.S.C. § 185 on June 21, 2005. The Hospital filed an answer on or about July 7, together with a Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment. The Association filed its Opposition to that Motion, and the Hospital filed a Reply. Simultaneous with the filing of the Reply, the Hospital has sought leave to amend its Answer. While the proposed First Amended Answer does not appear to change the Hospital's substantive responses to the allegations in the Association's complaint (e.g., "admitted" or "denied"), it does alter the "pleadings" insofar as factual assertions contained in the Answer are verified by a different individual, and it introduces additional information by way of "answering further…", including four additional documents.

2

**<u>Argument</u>**

The relevant question is whether the change in pleadings sought by the Hospital will prejudice the Association in light of the pending Motion for Judgment on the Pleadings.  Ordinarily, the Association would not object to (and, one may presume, the Court would not hesitate to grant) the requested amendments to the Hospital's Answer.  Here, however, the change in pleadings may affect the Court's ruling on the Hospital's pending 12(c) Motion.  If it would, this would constitute prejudice to the Association, in which case the Court should not permit the change in pleadings at this time without conditioning the change on an opportunity for the Association file a revised opposition to the 12(c) motion, if deemed warranted.[1]

"It is in the nature of the Rule 12(c) procedure, as the case law reflects, that a motion for a judgment on the pleadings may be made at any time after the pleadings are closed.  <u>Wright & Miller</u>, <u>supra</u>, at vol. 5b, §1367, p. 211.  The peculiar procedural posture of the instant motion raises the question of whether the pleadings are "closed" if they are amended after a 12(c) motion is filed, but before it is ruled on.  The answer is clearer where a complaint is amended under Rule 15(a) during the pendency of a 12(b) motion; a defendant is not required to re-file its motion.  Rather, "if some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." <u>See</u> <u>id</u>. at vol. 6, §1476 (2005 supplement).  However, where (as here) a defendant amends its pleading

3

after a Rule 12(c) motion has been filed and answered, the possibility exists that the new pleading may improve the defendant's position with regard to the pending motion, without giving the plaintiff an opportunity to respond or explain why the motion – in light of the new information – should be denied.

In this case, the new allegations contained in the Amended Answer must be treated by the Court as having been denied, as no responsive pleading by the Association is required at this time. See Brinich v. Reading Co., 9 F.R.D. 420 (1949).  The Association therefore continues to believe, for the reasons stated in its Opposition to the Hospital's Motion for Judgment on the Pleadings, or, in the alternative, for Summary Judgment, that judgment on the pleadings is inappropriate, and treating the motion as one for summary judgment is premature.  However, should the Court disagree, and rely on the Amended Answer to grant judgment to the Hospital, the Association will have been prejudiced its lack of opportunity to respond to the change in the pleadings.  In such a circumstance (and the Association is mindful of the unusual posture in which it finds itself), the Association would oppose the Hospital's Rule 15(a) motion on the ground of undue prejudice.  The Association therefore requests that the amendment to the Hospital's Answer, if permitted, be conditioned on granting the Association a reasonable opportunity to file a revised opposition to the Hospital's 12(c) motion to take into account the state of pleadings as they now exist, not as they existed when the 12(c) motion was filed.

---

[1] Alternately, the Court could deny the pending 12(c) Motion without prejudice against

## **Conclusion**

The Hospital's request for leave to amend its Answer comes at a time when the Court is reviewing the Hospital's motion for judgment of the pleadings or, in the alternative, for summary judgment.  If the Court is inclined to permit the Hospital to change its pleading under these circumstances, the Association requests that it be given an opportunity to avoid any undue prejudice that may accrue because of such a change.  In particular, the Association requests that the Hospital's request to amend the pleadings be conditioned on a fair opportunity for the Association to submit a revised opposition to the Hospital's 12(c) motion, if in the judgment of the Association a revised opposition is necessary.

        Respectfully submitted

        On behalf of the Plaintiff,
        Massachusetts Nurses Association

        By its attorneys

        /s/ Alan J. McDonald
        Alan J. McDonald, BBO #330960
        Mark A. Hickernell, BBO #638005
        McDonald & Associates
        Cordaville Office Center
        153 Cordaville Road, Suite 210
        Southborough, MA 01772
        (508) 485-6600

Date:  August 23, 2005

---

refiling in light of the amended pleadings.

**<u>Certificate of Service</u>**

      I hereby certify that on August 23, 2005, a true and accurate copy of the foregoing document was served upon counsel for the Defendant, Robert B. Gordon, Esq. and David C. Potter, Esq., Ropes & Gray LLP, One International Place, Boston Massachusetts  02110-2624 by first-class mail, postage prepaid and by facsimile.

|  |  |
|---|---|
| | /s/ Alan J. McDonald |
| Date:  August 23, 2005 | Alan J. McDonald |