UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS NURSES ASSOCIATION,<br>Plaintiff,<br><br>v.<br><br>NORTH ADAMS REGIONAL HOSPITAL,<br>Defendant. | Civil Action No. 05-30145-MAP |

### DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST AMENDED VERIFIED ANSWER

Defendant North Adams Regional Hospital (the "Hospital" or the "Defendant") hereby submits this Reply Memorandum in Further Support of its Motion for Leave to File First Amended Verified Answer. For the following reasons, Defendant's motion should be allowed.

### INTRODUCTION

On August 15, 2005, Defendant sought leave to file its First Amended Verified Answer in this matter. Plaintiff filed an Opposition to this motion on August 23, 2005, contending that allowing the Defendant to amend its Verified Answer would prejudice Plaintiff because of Defendant's pending Motion for Judgment on the Pleadings. As explained below, Plaintiff would suffer no such prejudice. Defendant's proposed First Amended Verified Answer does not alter the pending Motion for Judgment on the Pleadings or the papers that have been filed by both parties in respect to this motion. Virtually all of the factual averments in the First Amended Verified Answer come from documents attached to or adverted to in Plaintiff's Complaint and, thus, were already part of the pleadings at the time Defendant's Motion for Judgment on the Pleadings was filed. Further, the First Amended Verified Answer contains neither facts nor

9802162_1

argument of which Plaintiff was not well-aware at the time it filed its lawsuit and when it filed its opposition to the Motion for Judgment on the Pleadings. Accordingly, Defendant requests that its Motion for Leave to File First Amended Verified Answer be granted.

I.  **PLAINTIFF WILL NOT SUFFER ANY PREJUDICE IF THE COURT ALLOWS DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED VERIFIED ANSWER.**

Plaintiff will not suffer any prejudice if the Court allows Defendant's Motion for Leave to File First Amended Verified Answer. In its Opposition, Plaintiff acknowledges, as it must, that leave to amend under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." (Opp. at 1). In addition, Plaintiff admits that Defendant's proposed First Amended Verified Answer does not change "the Hospital's substantive responses to the allegations in the Association's complaint (e.g., "admitted" or "denied") [.]" (Opp. at 2). Despite this, Plaintiff contends that it will be prejudiced by the proposed First Amended Verified Answer because it alters the pleadings "insofar as factual assertions contained in the Answer are verified by a different individual, and it introduces additional information by way of 'answering further . . .", including four additional documents." (Opp. at 2).

As an initial matter, Plaintiff asserted in its Opposition to Defendant's Motion for Judgment on the Pleadings (Opp. at 8-9) that Jeff Stevens, the Hospital's Vice President for Human Resources, lacked sufficient first-hand knowledge to sign Defendant's Verified Answer. Although Defendant disagrees with that assertion, Defendant seeks, out of an abundance of caution, to amend its Verified Answer and have Billie Allard, RN, MS, the Hospital's Vice President of Patient Care, verify the contents of its Answer to the Complaint. It is contrary to the letter and spirit of Rule 15 to assert, on the one hand, that Mr. Stevens lacks the requisite knowledge to sign Defendant's Verified Answer and then to object, on the other hand, when

Defendant seeks to amend its pleading to cure the asserted deficiency. See Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of mere technicalities"). In any event, the fact that the proposed First Amended Verified Answer is verified by a different individual than the Verified Answer is completely unrelated to the substantive issues raised in the pending Motion for Judgment on the Pleadings and would not prejudice the MNA in respect to that motion.

Plaintiff similarly is not prejudiced by the "additional information" or the "four additional documents" contained in the proposed First Amended Verified Answer. The "four additional documents" to which Plaintiff refers are the "Unsafe Staffing Reports" which the Complaint alleges were filed by the MNA's members with the Hospital. (Compl. ¶ 16). It is well-settled that documents adverted to in a complaint are considered part of the pleadings and may be added to an answer without converting the proceeding to a Rule 56 motion. Fudge v. Penthouse Internat'l, Inc., 840 F.2d 1012, 1015 (1st Cir. 1988). The additional information to which Plaintiff refers consists of facts, the vast majority of which were contained in the Arbitrator's Opinion and Award which was attached to Plaintiff's Complaint. For example, paragraph 12 of the proposed First Amended Verified Answer recites the various facts upon which Arbitrator Stutz relied in reaching his conclusion that there were violations of the parties' collective bargaining agreement. These facts are contained in Arbitrator Stutz's Opinion and Award which is attached as Exhibit A to the Complaint. In addition, in paragraph 14 of the proposed First Amended Verified Answer, Defendant lists the steps taken by the Hospital to ensure the adequacy of its staffing, most of which Arbitrator Stutz himself acknowledged in his Opinion and Award. It is equally well-settled that documents attached to a pleading are part of the

pleading itself. Fed. R. Civ. P. 10(c) (exhibit to pleading is a part of that pleading "for all purposes"); see also Blackstone Realty LLC v. F.D.I.C., 244 F.3d 193, 195 (1st Cir. 2001) (recognizing same). Thus, the "four additional documents" and the "additional information" contained in the First Amended Verified Answer already were part of the pleadings in this case when Defendant filed its Motion for Judgment on the Pleadings and when Plaintiff filed its Opposition thereto. Accordingly, Plaintiff would not be prejudiced in respect to the pending Motion for Judgment on the Pleadings by allowing Defendant's First Amended Verified Answer to be filed.

## II. PLAINTIFF SHOULD BE ALLOWED TO FILE A SURREPLY IF IT WANTS TO REVISE ITS POSITION IN RESPECT TO THE PENDING MOTION FOR JUDGMENT ON THE PLEADINGS.

Plaintiff argues in its Opposition that if the Court grants Defendant's Motion for Leave to File First Amended Verified Answer, it should either deny Defendant's Motion for Judgment on the Pleadings without prejudice or allow Plaintiff to file a revised Opposition to the Motion for Judgment on the Pleadings. (Opp. at 4 & n.1). Plaintiff's argument, of course, is premised on the notion that Plaintiff will want to revise its Opposition to the pending Motion for Judgment on the Pleadings based on the First Amended Verified Answer, something which Plaintiff specifically stops short of representing in its Opposition. (Opp. at 5). Defendant respectfully suggests that the proper course in this situation – if Plaintiff decides that it wants to modify its Opposition to the Motion for Judgment on the Pleadings in light of the First Amended Verified Answer – would be to allow Plaintiff the opportunity to file a surreply in further opposition to the Motion. It would be a gross and unnecessary waste of time and resources for both the parties and the Court to start the dispositive motion process anew, especially in light of the fact that the

First Amended Verified Answer, as acknowledged by Plaintiff, does not change Defendant's substantive responses to the allegations in Plaintiff's Complaint.

## CONCLUSION

For all of the foregoing reasons, Defendant submits that its Motion for Leave to File First Amended Verified Answer should be granted.

Respectfully Submitted,

NORTH ADAMS REGIONAL HOSPITAL

By its attorneys,

/s/ David C. Potter
Robert B. Gordon (BBO #549258)
David C. Potter (BBO #644610)
  Ropes & Gray LLP
  One International Place
  Boston, MA  02110-2624
  (617) 951-7000

Dated: August 25, 2005

### Certificate of Service

I hereby certify that on August 25, 2005, a true and correct copy of the foregoing document was served upon the attorneys of record, Alan J. McDonald, Esq. and Mark A. Hickernell, Esq., McDonald & Associates, Suite 210, Cordaville Office Center, 153 Cordaville Road, Southborough, MA 01772, by Fax and First-Class Mail.

/s/ David C. Potter
David C. Potter, Esq.