UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS NURSES ASSOCIATION,<br><br>　　　Plaintiff<br><br>v.<br><br>NORTH ADAMS REGIONAL HOSPITAL,<br><br>　　　Defendant | Civil No. 05-30145-MAP |

**PLAINTIFF MASSACHUSETTS NURSES ASSOCIATION'S
SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS/FOR SUMMARY JUDGMENT**

Pursuant to the Court's Order dated September 14, 2005, the Plaintiff Massachusetts Association sets forth the following two (2) supplemental points in response and opposition to Defendant's Memorandum Of Law and Reply Brief filed in support of its motion for judgment on the pleadings/summary judgment.

> **Point No. 1:** Assuming <u>Arguendo</u> That <u>Derwin</u> And <u>Boston Shipping</u> Require Dismissal Where There Are Genuine Issues Of Material Fact, Still The Court Should Permit Discovery To Determine Whether There Are Genuine Issues Of Material Fact, For The Purpose Of Discovery Is To Ascertain The Existence, Or Lack Thereof, Of A Genuine Issue <u>Of Material Fact</u>.

Assuming <u>arguendo</u> that Defendant's interpretation of <u>Derwin</u> and <u>Boston Shipping</u> is correct, still there is no basis to dismiss this case as argued

by Defendant based upon to its **pre-discovery** argument about the existence a genuine issue of material fact ("fact issue). In particular, if Derwin and Boston Shipping required dismissal upon a showing of a fact issue, then the most that may be concluded is that the positions of Plaintiff and Defendant here are reversed from the typical posture in civil litigation. Specifically, in civil litigation a plaintiff routinely may seek to substantiate the existence of a fact issue in opposition to a defendant's motion for summary judgment, while the defendant routinely marshals evidence from discovery to show that there is no fact issue and that dismissal of the complaint is required as a matter of law. The only difference here is a role reversal. Defendant has a motive based upon its reading of Derwin and Boston Shipping to show the existence of a fact issue; Plaintiff seeks to move forward with discovery in order to accumulate record evidence to prove the lack of any such fact issue and obtain an order confirming the arbitration award upon post-discovery motions for summary judgment.[1]

---

[1] Defendant's contention at page 8 of its reply distorts MNA's position. In that regard Defendant states: "Unless the MNA intends to disclaim those disputes, which would be contrary to everything it has represented to the court thus far, its confirmation claim fails all three parts of the test of Derwin and must be dismissed." As stated at page 5 of our memorandum of law in opposition to the motion for judgment on the pleadings, there is indeed a "dispute between the parties with regard to the continued failure of the hospital to take the measures necessary to maintain safe staffing levels." However, this should not be confused with an admission that MNA will be unable to prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Rather, it is simply a recognition that the parties disagree. Also, at page 8 of the opposition of MNA, there is reference to the idea of filing a "statement of material facts in dispute." By this memorandum MNA is clarifying this to state that, if the court concurs with Defendant's reading of Boston Shipping and Derwin, then we are prepared to move through discovery and file a motion

2

The defect with Defendant's analysis in support of its motion for judgment on the pleadings is that it is based upon the fallacy that, just because plaintiff and defendant have motivations (opposite of the norm) to show the existence or lack thereof of a genuine issue of material fact, there is somehow justification to preclude discovery and dismiss the complaint. Precedent under the Federal Rules of Civil Procedure creates no such double standard. See generally Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (recognizing the requirement that summary judgment is only appropriate under Rule 56(c) of the Federal Rules of Civil Procedure after an "adequate time for discovery" has passed); see also Fed. R. Civ. P. 56(f) (authorizing continuances so that a nonmovant, upon a proper showing, may gather "facts essential to justify [an] opposition" to summary judgment). Since Plaintiff here, just like a defendant in most other civil litigation, should be permitted to prove that there is no genuine issue of material fact, there is no basis to dismiss the subject lawsuit without first exhausting discovery. Id. Defendant's citation-free argument to the contrary is unsupported.

As part of its argument about the presence of issues of material fact, Defendant paraphrases elements of the arbitrator's findings of fact pertaining to improvements in staffing. (Def. Reply at page 4.) Based upon this, Defendant argues that MNA is challenging those findings of the arbitrator by alleging that the hospital has repudiated the Award. (Def. Reply at page 4: "To

---

thereafter for judgment in our favor upon submitting a statement of material facts that are not in dispute.

be sure, the MNA disagrees, and asserts . . . . that there is a genuine dispute between the parties as to whether the steps taken by the hospital are sufficient to assure adequate staffing or whether the hospital is continuing to violate the Agreement and/or the Award."). This is a "straw man" argument. MNA's claim of repudiation does <u>not</u> hinge on a challenge to those findings of fact. Rather, MNA's allegation of the employer's non-compliance with the arbitration award is based upon unsafe staffing in blatant violation of the arbitrator's clear cease and desist order, regardless of any such "improvements" in staffing.[2]

### Point No. 2: Nothing Argued By Defendant Undermines The Conclusion That There Is A Justiciable Issue Alleged In The Subject Complaint.

Defendant admits that, where there is no genuine issue of material fact, and where there is a patent violation of an arbitration award that provides a clear prospective remedy, then under <u>Boston Shipping</u> and <u>Derwin</u> the court has jurisdiction to issue a judgment confirming an arbitration award. (Def. Reply at 2-3: Defendant stating converse as well, "<u>Derwin</u> makes clear that if there are any genuine disputes regarding whether one or more of the foregoing conditions are met, then the Award cannot be confirmed judicially.") After conceding this legal point, defendant then argues for dismissal by ignoring that

---

[2] In addition, Defendant's interpretation of the arbitration award is also flawed. The award shows that the arbitrator issued a cease and desist order (a prospective remedy) regardless of his findings otherwise relating to such "improvements". Thus, contrary to the implication of Defendant, the arbitrator's findings in that regard shows that he was providing a prospective remedy (cease and desist order), regardless of those "improvements". Defendant cannot claim that the existence of those findings dilutes the prospective relief ordered by the arbitrator.

4

MNA has alleged in its complaint that the employer has violated the arbitration award under foregoing criteria. (Compl. at ¶14 and ¶18.)³ If MNA's complaint allegations are proven true, and at this point the court should deem them true, then even under the Defendant's view of the law there is a justiciable issue. Defendant evades this bottom line by misdirecting the analysis to its claim that there are fact issues, and by advancing the citation-free legal argument that MNA should be <u>deprived</u> of the opportunity to show that there are no material fact issues and that it is entitled to judgment as a matter of law under <u>Derwin</u> and <u>Boston Shipping</u>. Defendant's argument in that regard goes to the merits of the case and it is presented to the court prematurely, prior to the completion of discovery. Accordingly, contrary to the claim of Defendant, there are justiciable issues.

---

³ In particular, the Arbitrator incorporated by reference Article 18.01 of the contract in his award in issuing his cease and desist order. Article 18.01 is set forth at ¶7 of the Complaint. It is a provision which states specifics <u>inter alia</u> as to promulgation and distribution of policies, drafting of job descriptions, and that "the hospital will only keep and admit the number of patients that registered nurses can safely care for." (Compl. at ¶7.) At paragraphs 14 and 18 Plaintiff alleges that the Defendant has failed to comply with such cease and desist order. (Compl. at ¶¶14 and 18.)

## CONCLUSION

Based upon the foregoing Plaintiff respectfully requests that the court deny Defendant's motion for judgment on the pleadings and order that discovery commence.

Respectfully submitted

On behalf of the Plaintiff,
Massachusetts Nurses Association

By its attorneys

Alan J. McDonald, BBO #330960
Mark A. Hickernell, BBO #638005
McDonald & Associates
Cordaville Office Center
153 Cordaville Road, Suite 210
Southborough, MA 01772
(508) 485-6600

Date: September 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2005, a true and accurate copy of the foregoing document was served upon counsel for the Defendant, Robert B. Gordon, Esq. and David C. Potter, Esq., Ropes & Gray LLP, One International Place, Boston Massachusetts 02110-2624 by first class mail postage prepaid.

Date: September 27, 2005

Alan J. McDonald, BBO #330960

6