UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS NURSES ASSOCIATION,<br>            Plaintiff,<br><br>v.<br><br>NORTH ADAMS REGIONAL HOSPITAL,<br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-30145-MAP<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ASSENTED-TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to the provisions of Local Rule 7.1(B)(3) of the United States District Court for the District Court of Massachusetts, Defendant North Adams Regional Hospital (the "Defendant") hereby moves for leave to file a Supplemental Reply Memorandum in response to Plaintiff's Supplemental Opposition to Defendant's Motion for Judgment on the Pleadings or, in the Alternative, For Summary Judgment. Plaintiff does not oppose this motion. In support of its Motion, Defendant submits that the accompanying Supplemental Reply Memorandum will assist the Court in resolving the issues raised in Defendant's Motion.

Respectfully Submitted,

NORTH ADAMS REGIONAL HOSPITAL

By its attorneys,

/s/ Robert B. Gordon
/s/ David C. Potter
Robert B. Gordon (BBO #549258)
David C. Potter (BBO #644610)
  Ropes & Gray LLP
  One International Place
  Boston, MA  02110-2624
Dated:  September 30, 2005          (617) 951-7000

9828676_1

## Rule 7.1 Certification

Pursuant to Local Rule 7.1(A)(2), counsel for Defendant North Adams Regional Hospital has conferred with Plaintiff Massachusetts Nurses Association's counsel, Alan J. McDonald, regarding this motion, and Plaintiff does not oppose this motion.

/s/ David C. Potter
David C. Potter, Esq.

## Certificate of Service

I hereby certify that on September 30, 2005, a true and correct copy of the foregoing document was served upon the attorneys of record, Alan J. McDonald, Esq. and Mark A. Hickernell, Esq., McDonald & Associates, Suite 210, Cordaville Office Center, 153 Cordaville Road, Southborough, MA 01772, by Fax and First-Class Mail.

/s/ David C. Potter
David C. Potter, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MASSACHUSETTS NURSES ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-30145-MAP |
| NORTH ADAMS REGIONAL HOSPITAL, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant North Adams Regional Hospital (the "Hospital") hereby submits this Supplemental Reply Memorandum in Support of its Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment. The Hospital respectfully states that, far from showing that its confirmation lawsuit can survive the rigorous test of Derwin, the plea for civil discovery contained in the MNA's Supplemental Opposition in fact highlights why this case is not proper for federal court and must be dismissed.

The MNA concedes, as it must, that the First Circuit's decision in Derwin v. General Dynamics Corp., 719 F.2d 484 (1st Cir. 1983), compels the dismissal of a civil confirmation action if there are any genuinely disputed issues of fact regarding claimed violations of an arbitral award. (See MNA's Supplemental Opposition, at pp. 1-2, 4.) Contrary to the Union's reading of the case, however, Derwin does more than merely "reverse the roles" of which party has the "motivation" to demonstrate the existence of disputed issues of fact. Derwin topples the entire summary judgment paradigm as applied to lawsuits seeking to confirm arbitration awards, denying rather than assuring the availability of civil litigation to resolve matters that are in

9828376_1

genuine dispute.  Derwin thus reverses the fundamental presumption of the Federal Rules, and does so in recognition of the fact that labor disputes between union and management belong in arbitration (and not in court) in all but the most unusual cases.

In the face of Derwin, the MNA nonetheless insists that this Court should treat the Union's confirmation action as though the ordinary presumptions of civil litigation applied, and defer disposition of the case until after a fact-intensive discovery process has run its costly course.  This makes no sense.  By its Supplemental Opposition, the MNA asks the Court to authorize the use of civil discovery procedures, merely to determine the inapplicability of such procedures to a dispute that presumptively belongs in arbitration.  Derwin, however, teaches that, barring the exceptional case in which a party has, "beyond dispute," repudiated an arbitrator's award, disagreements as to the meaning, reach or application of an arbitral ruling are matters to be resolved in arbitration.  The Union's request for civil discovery thus calls upon the Court to disrupt the delicately balanced system of labor relations that Derwin's deference to arbitration is designed to preserve.

The Hospital calls upon the MNA to identify even a single case in which there was ever a trial of an arbitral confirmation action.  There have certainly been none in the more than 20 years since the First Circuit decided Derwin, and for the most obvious reason.  Trials are only required to resolve genuinely disputed issues of fact; and, if there are genuinely disputed issues in respect to an arbitral confirmation action, such disputes are by federal law deferred to arbitration.  The MNA's proposal, therefore, viz., to subject its claim to discovery procedures in order to determine whether there is an absence of disputes such as will allow for a confirmation trial, turns the core logic of Derwin completely on its head.

The MNA argues that it should be permitted to take discovery so that it can demonstrate the absence of disputed facts – just like defendants ordinarily do when opposing summary

judgment. (See MNA's Supplemental Opposition, at p. 2.) Once again, however, the Union misapprehends the essential lesson of the First Circuit in <u>Derwin</u> (which, it bears repeating, affirmed a Rule 12 dismissal for the very reasons now pressed by the Hospital). There is no discovery that can possibly produce a finding that a trial is warranted to adjudicate the MNA's confirmation claim. The Hospital has submitted a <u>verified</u> pleading – carrying all the evidentiary force of a sworn affidavit – in which it sets forth facts showing that it has complied fully with Arbitrator Stutz's award. Even in a conventional motion for summary judgment, the burden now falls to the Union to either admit or dispute the Hospital's factual contentions. The MNA, however, has done neither, because <u>Derwin</u> makes clear that both roads lead to the same Rome. If the Union concedes the Hospital's factual assertions, and thereby demonstrates that there are no genuinely disputed issues of fact, then summary judgment per Rule 56 would necessarily have to enter in favor of the <u>Hospital</u>. For if the facts are indeed as the Hospital has asserted them in its verified pleading, then the MNA can prove no violation of the Stutz award and its confirmation claim must fail. If, on the other hand, the MNA contests the sworn assertions filed by the Hospital, then it has conclusively established the existence of disputed issues of fact that must be deferred to arbitration under the rule of <u>Derwin</u>. In either event, discovery is a pointless exercise for the parties in this case.[1]

---

[1] The MNA's attempt to rescue its politically motivated lawsuit from <u>Derwin</u> – to "defer the deferral" to arbitration by invoking the need for discovery – is particularly ill conceived under the circumstances of the present case. After all, the Union's bargaining unit members are the very nurses who are experiencing the understaffing that has been claimed to exist at the Hospital. These nurses are thus in the ideal position to address the factual issues surrounding the staffing violations their union has alleged, and require no discovery from the Hospital in this connection. That the MNA has chosen to submit no affidavits in opposition to the Hospital's Motion for Summary Judgment reflects only its recognition that any substantive attempt to treat with the facts will produce dismissal under <u>Derwin</u>. Stalling for time with pleas for unnecessary discovery is the Union's only hope to forestall the outcome that federal law requires.

**CONCLUSION**

For all the foregoing reasons, and those set forth in its prior submissions to this Court, the Hospital respectfully requests that its Motion to Dismiss or, in the Alternative, for Summary Judgment be allowed in its entirety.

Respectfully Submitted,

NORTH ADAMS REGIONAL HOSPITAL

By its attorneys,

/s/ Robert B. Gordon
/s/ David C. Potter
Robert B. Gordon (BBO #549258)
David C. Potter (BBO #644610)
  Ropes & Gray LLP
  One International Place
  Boston, MA  02110-2624
  (617) 951-7000

Dated:  September 30, 2005

- 5 -

Certificate of Service

I hereby certify that on September 30, 2005, a true and correct copy of the foregoing document was served upon the attorneys of record, Alan J. McDonald, Esq. and Mark A. Hickernell, Esq., McDonald & Associates, Suite 210, Cordaville Office Center, 153 Cordaville Road, Southborough, MA 01772, by Federal Express.

/s/ David C. Potter
David C. Potter, Esq.